UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARETHA EBONY HARRIS, | ) CIVIL ACTION NO. 1:22-CV-01538 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) ORDER ADOPTING |
| | ) MAGISTRATE'S REPORT AND |
| | ) RECOMMENDATION |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendants. | ) |

This matter comes before the Court upon Report and Recommendation of Magistrate Judge Jonathan D. Greenberg. The Report and Recommendation (ECF #11), issued on April 26, 2023, is hereby ADOPTED by this Court, without objection.

Plaintiff sought review of the Commissioner's denial of her request for Supplemental Security Income ("SSI"). The administrative law judge ("ALJ") determined that since October 3, 2019, Ms. Harris had not been under a disability and had the residual functional capacity ("RFC") to perform light work. (ECF #10, PageID #2604-05).

Ms. Harris alleges that the ALJ erred in his decision by failing to properly consider Ms. Harris' severe impairments and to find that Ms. Harris either satisfied or equaled the criteria of Listing 12.07 at Step Three. (ECF #10, PageID #2589). Additionally, Ms. Harris alleges the ALJ committed harmful error by failing to properly apply the criteria of Social Security Ruling 16-3p, and finding that with Ms. Harris' symptoms, she still possesses the ability to engage in substantial gainful employment on a full-time and sustained basis. *Id.* The Magistrate Judge stated that the ALJ's RFC analysis fails to support the Step Three determination because

numerous statements made by the ALJ support, rather than detract from, findings of disability. (ECF #10, PageID #2610). Furthermore, the Magistrate Judge states that the ALJ clearly believed Ms. Harris was exaggerating her condition and symptoms to gain the desired benefits. (ECF #10, PageID #2611). This belief by the ALJ is demonstrated by statements questioning the consistency and relationship of Ms. Harris' reported aliments and symptoms, and an absence of medical evidence supporting certain conditions. (ECF #10, PageID #2611-12).

On Ms. Harris' migraines, the Magistrate Judge notes that the ALJ does not cite any record evidence that relates to them. (ECF #10, PageID #2612). CNP Wilkes saw Ms. Harris for chronic, persistent migraines, for which Wilkes referred Ms. Harris to the emergency department for pain management. (ECF #10, PageID #2613). The Magistrate Judge states that migraine medication and over the counter drugs did not provide migraine relief, and that Ms. Harris was consistent in complaints about her migraines, despite taking prescribed treatments. *Id.* Magistrate Judge Greenberg concludes by stating the ALJ "failed to build an accurate and logical bridge" between the evidence and the ALJ's Step Three finding. *Id.*

Magistrate Judge Greenberg recommends the Commissioner's final decision be vacated and remanded, so that the ALJ can properly weigh whether Ms. Harris' migraines satisfy listing 11.02, along with a proper explanation for his finding. *Id.* Magistrate Judge Greenberg does not address Ms. Harris' alleged additional assignments of error. Defendant has not filed any objections to the Magistrate Judge's Report and Recommendation.

The Court has reviewed *de novo* the Report and Recommendation, *see Ohio Citizen Action v. City of Seven Hills,* 35 F. Supp. 2d 575, 577 (N.D. Ohio 1999). Magistrate Judge Greenberg was thorough and correct in the application of the law and assessment of the relevant facts. The Court, therefore, ADOPTS the Magistrate Judge's Report and Recommendation in its

entirety. The Commissioner's decision denying Ms. Harris' application for SSI is VACATED and REMANDED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 31, 2023